IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Marta Njos, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18 C 50112 |
| | ) | |
| vs. | ) | |
| | ) | |
| MetLife Insurance, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, the court sua sponte dismisses plaintiffs' complaint for failure to comply with Fed. R. Civ. P. 8(a)(2). Defendant's motion [7] to dismiss is denied as moot. The parties are directed to file a joint status report on or before November 30, 2018 as to whether plaintiffs have filed a claim under the plan and the status of defendant's consideration of that claim. If at that time, plaintiffs have chosen not to file a claim with defendant, the court will set a deadline for filing an amended complaint.

## STATEMENT-OPINION

Plaintiffs, Marta Njos and Nicholle Njos, pro se brought this action against defendant, Metropolitan Life Insurance Company, in Illinois state court. Defendant filed a notice of removal [1] to this court premised on both federal question (28 U.S.C. § 1331), and diversity of citizenship (28 U.S.C. § 1332(a)(1)). Plaintiffs are alleged to be citizens of Illinois and defendant is alleged to be a New York corporation with its principal place of business in New York. The amount in controversy is alleged to exceed $75,000. The action involves life insurance proceeds under an employer-provided insurance policy on the life of David Njos. Defendant moves [7] to dismiss the complaint.

The caption of plaintiffs' complaint lists as defendant "MetLife Insurance" and directly under "MetLife Insurance" is written "Claim # 21712005091. The complaint consists of two pages. One handwritten page which contains 3 paragraphs which state: "1) to claim that policy for David S. Njos born on 11-25-1957 was in force and effect when he died on 12-10-2017; 2) to claim that I Marta Njos and the daughter Nicholle Njos – we were on the policy originally; 3) to claim 50% of the original amount." The second page is a copy of a preprinted form complaint with blanks to fill in. A portion of this page is obscured by a large dark spot which appears to have been caused by the copying process. The form complaint is not a complaint for life insurance proceeds. The form appears to be one for seeking damages from a liability insurer for

1

failing to settle a claim within policy limits resulting in an excess verdict. The use of this form has rendered the complaint extremely confusing.

Exhibit G [1-7] to defendant's notice of removal [1] is a claim summary. It indicates a claim has been filed for the life insurance proceeds on the insured David S. Njos, who died December 10, 2017, but does not identify the claimant. The claim number, 21712005091, is the same claim number as is listed in the caption of plaintiffs' complaint. However, this claim was apparently not filed by plaintiffs as defendant states in its motion to dismiss that plaintiffs never filed a claim and plaintiffs filed a letter [16] with the court which suggests that someone else, Adam, filed a claim to the subject insurance proceeds.

Defendant seeks to dismiss the complaint because plaintiffs failed to submit a claim for the life insurance proceeds as required by the policy. It argues the insurance was provided through an employee welfare benefit plan and was thus covered by ERISA; that ERISA preempts all state law claims for breach of contract as well as for penalties under state law (215 ILCS 5/155(1)) for failure to pay proceeds; that the plan provides procedures for submitting claims and receiving benefits and that plaintiffs did not follow these procedures and never submitted a claim. Because plaintiffs failed to exhaust their administrative remedies as required by ERISA and the plan, defendant contends the complaint must be dismissed.

Plaintiffs filed a memorandum [11] on April 10, 2018 in response to the motion to dismiss. In it, they state that they submitted a letter to defendant asserting their claim but that they never received any instructions from the defendant after sending the letter. They contend they could not have failed to follow the administrative remedies required by the plan because the administrator failed to inform them about the required procedures.

Defendant asserts in its reply [17], that after plaintiffs filed their April 10, 2018 memorandum, defendant provided Marta Njos with a copy of the ERISA plan documents and requested she voluntarily dismiss the lawsuit without prejudice and submit a claim to defendant. Apparently, plaintiffs declined this invitation.

Looking at the complaint, it is clear the complaint fails to meet the requirement of Rule 8 that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint states the plaintiffs were on the policy originally and claim 50% of the original amount. Nothing in these statements indicates why they are entitled to relief. Use of "originally" suggests they were no longer "on the policy". It is not possible to discern from what is alleged in the complaint why they are entitled to "50% of the original amount." The complaint, therefore, is dismissed for failure to comply with Fed. R. Civ. P. 8(a)(2).

There is a presumption in favor of giving plaintiffs at least one opportunity to amend a complaint that is dismissed, <u>Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago</u>, 786 F.3d 510, 518 (7th Cir. 2015), and the court will afford plaintiffs such an opportunity. However, before doing so, plaintiffs should take into account the plan documents filed by defendant in this

matter as exhibits to the notice of removal. It seems clear from these documents that plaintiffs must file a claim with defendant for the insurance proceeds on a form provided by defendant. The defendant then must consider the claim and decides whether or not to pay it. If defendant denies payment, it must give its reasons for denial and plaintiffs have the right to appeal the denial. If the appeal is also denied, defendant must provide plaintiffs with a final written decision stating the reasons for the denial and a statement of plaintiffs' rights to bring a civil action in a court after such denial.

Since it does not appear from what has been filed in this case so far, that plaintiffs have filed a claim with defendant, choosing to file an amended complaint without having first filed a claim with defendant and exhausting their rights under the plan's appeal procedures if that claim is denied, is likely to result in any amended complaint being dismissed for failure to exhaust plan remedies.

For the foregoing reasons, the court sua sponte dismisses plaintiffs' complaint for failure to comply with Fed. R. Civ. P. 8(a)(2). Defendant's motion [7] to dismiss is denied as moot. The parties are directed to file a joint status report on or before November 30, 2018 as to whether plaintiffs have filed a claim under the plan and the status of defendant's consideration of that claim. If at that time, plaintiffs have chosen not to file a claim with defendant, the court will set a deadline for filing an amended complaint.

Date: 10/17/2018  ENTER:

_Philip G. Reinhard_
United States District Court Judge

Notices mailed by Judicial Staff. (LC)