IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

| | | |
|---|---|---|
| Marta Njos, et al., | ) | |
|     Plaintiffs, | ) | |
| vs. | ) | Case No. 18 C 50112 |
| MetLife Insurance, | ) | Judge Philip G. Reinhard |
|     Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion to dismiss [34] is denied. Plaintiffs are given leave to file a second amended complaint seeking judicial review of the denial of their claim for benefits on or before May 22, 2020. Plaintiffs are warned that failure to file a second amended complaint on or before May 22, 2020 will result in the dismissal of this case with prejudice.

## STATEMENT-OPINION

Plaintiffs, Marta Njos ("Marta") and Nicholle Njos ("Nicholle"), pro se, brought this action against defendant, Metropolitan Life Insurance Company in state court. Defendant removed [1] the case to this court "because Plaintiffs' state law claims for payment of life insurance benefits under the Plan are governed by ERISA." 29 U.S.C. § 1132(a)(1)(B). The life insurance covered the life of David Njos ("David"). David worked for FCA US LLC ("FCA") which provided the policy insuring David's life. FCA was the policyholder of this policy.

On October 17, 2018, the court sua sponte dismissed plaintiffs' complaint without prejudice for failure to comply with Fed. R. Civ. P. 8(a)(2). [19] Additionally, at the time, it did not appear from the record that plaintiffs had filed a claim for benefits with defendant. The court suggested they file a claim with defendant before filing an amended complaint. In doing so, the court anticipated that in the event plaintiffs' claim for benefits was denied by defendant, plaintiffs would file an amended complaint seeking judicial review of the denial of benefits.

Defendant reported to the court that plaintiffs subsequently filed a claim with defendant seeking the death benefits.[21] Defendant considered the claim, determined that plaintiffs were not designated as beneficiaries for these benefits by David prior to his death, denied the claim, and plaintiffs subsequently exhausted their administrative remedies. [23]

After being notified that plaintiffs had exhausted their administrative remedies, Magistrate Judge Johnston set a February 1, 2019 deadline for filing an amended complaint.[24] Plaintiffs filed an amended complaint [25], two weeks late, on February 15, 2019 but the amended complaint did not explicitly ask for judicial review of the denial of benefits. Instead, it asked to use the statutory intestacy laws for surviving spouse and children to ask for "50% of

that policy toward Marta and Nicholle Njos." However, it also alleged that Marta "was informed [by David ] she will be added with Nicholle Njos by amendment" to the policy. Defendant moved to dismiss the amended complaint on March 1, 2019 [26].

At a hearing before Magistrate Judge Johnston on March 15, 2019, defense counsel advised the court that the beneficiary designation David had on file designated his two sons from a previous marriage as the beneficiaries and that the defendant had already paid them the death benefit. Marta told the court that David had told her she and her daughter had been added as beneficiaries. She stated the claim she was making was that she believed the insurance proceeds should be equally divided between the siblings and it had not been equally divided. Magistrate Judge Johnston asked if plaintiffs wanted to file a second amended complaint or respond to the motion to dismiss. Marta advised she wanted to file a second amended complaint and asked for 60 days in which to do so. Leave was given to file a second amended complaint by May 20, 2019 and defendant's motion to dismiss [26] was stricken as moot. [30]

Plaintiffs requested and were granted an extension until August 15, 2019 to file a second amended complaint. The order granting the extension stated: "This extension is final." [33] Plaintiffs did not file a second amended complaint. On September 12, 2019, defendant moved to dismiss the case with prejudice [34] for failure to prosecute and failure to obey a court order. Fed. R. Civ. P. 41(b).

On October 10, 2019, plaintiffs filed a document titled "Motion" [41] in which they stated they were filing a second amended complaint. On October 11, 2019, Magistrate Judge Johnston entered an order [42] which stated: "Plaintiff Marta Njos has filed a motion [41], but it does not contain an explicit request for relief. The motion is therefore denied. To the extent the plaintiffs seek leave to file a second amended complaint, the request is denied because the plaintiff missed two previous deadlines to amend, and the Court has already set a final deadline to respond to the pending motion to dismiss."

On October 18, 2019, plaintiffs filed a response to the motion to dismiss [43][1]. In the response, plaintiffs do not contest defendant's argument or the facts on which it is based. Plaintiffs simply note that they asked for an appointed attorney several times, are asking for one again to file a second amended complaint for them, and state they "are asking for 50% of the life insurance money, since there is no will, no testament and Nicholle Njos is a legitimate child of David S. Njos."

Defendant filed its reply [48] on October 24, 2019. On November 13, 2019, plaintiffs filed a "reply in support of its motion to divide the life insurance policy for David S. Njos between: Marta and Nicholle Njos and Adam and Zach Njos." [49] In this document plaintiffs state "David S. Njos (Decedent) informed Marta Njos that the amendment in life policy was done during the marriage and Marta and Nicholle Njos were included in the policy."

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Defendant argues this case should be dismissed with prejudice pursuant to

---

[1] A duplicate of this response was separately docketed [44] as a motion for attorney representation which was denied [46] by Magistrate Judge Johnston.

2

Rule 41 (b). Defendant contends plaintiffs' failure to comply with the court-ordered final deadline to file a second amended complaint warrants dismissal particularly considering plaintiffs had been given five months in which to do so. Defendant maintains failure to file a timely seconded amended complaint is a failure to prosecute and a failure to comply with a court order.

Plaintiffs response to the motion to dismiss states they "are asking for 50% of the life insurance money, since there is no will, no testament and Nicholle Njos is a legitimate child of David S. Njos." However, this does not address why their case should not be dismissed for failure to timely file a second amended complaint. Defendant denied their claim for death benefits based on a finding they were not designated by David as the beneficiaries of those death benefits. They were granted time to file an amended complaint. They filed an amended complaint and defendant moved to dismiss it. They told the court they wanted to file a second amended complaint, were given time to file it, asked for and received additional time to file it, but never did so. They offer no explanation for not filing the second amended complaint.

Dismissal with prejudice for missing a deadline or failing to appear generally is not done in the absence of a clear warning that failure to meet the deadline will result in dismissal of the case. Kowalski v. Cook County Sheriff's Dept., 669 Fed. Appx. 784, 785 (7th Cir. 2016); McInnis v. Duncan, 697 F.3d 661, 664 (7th Cir. 2012) ("While we have held that a single missed filing deadline or status hearing does not support dismissal for failure to prosecute, we have upheld dismissal for plaintiffs who fail to attend multiple hearings and have been warned of the possibility of dismissal."); see also, Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993). Defendant does not direct the court to any place in the record where plaintiffs are warned that failure to file the amended complaint by the deadline could result in dismissal of their case. While an explicit warning is not strictly required, it is "a safe harbor to minimize the likelihood of appeal and reversal." Fischer v. Cingular Wireless, LLC, 446 F.3d 663, 665 (7th Cir. 2006).

In all the cases, save one, cited by defendant in its brief in support of its motion to dismiss, the courts stated there had been explicit warnings that dismissal could result from failure to file an amended complaint by the deadline set by the court. Watford v. LaFond, 725 Fed. Appx. 412 (7th Cir. 2018); Ewa v. Am. Fed'n of State, County, & Mun. Employees, No. 11-CV-03128, 2012 WL 3292847 (C. D. Ill. Aug. 10, 2012); Perdue v. Carlos, No. 2: 10 CV 35, 2011 WL 1792843 (N.D. Ind. May 11, 2011)[2]; Williams v. Buhr, No. 14-CV-871-WMC, 2017 WL 2242984 (W.D. Wis. May 22, 2017)[3]. In the other case, Johnson v. Schoen, No. CIV 10-113-GPM, 2011 WL 245569 (S.D. Ill. Jan. 26, 2011), the plaintiff filed notice of appeal rather than filing an amended complaint. After the appeal was dismissed for failure to pay the docketing fee, the district court dismissed with prejudice stating: "In light of Johnson's failure to amend his complaint within the time allotted to him in the Court's dismissal order entered August 31, 2010, and his election to try to appeal from the dismissal order instead of amending his complaint, the

---

[2] Perdue was decided on res judicata grounds. However, it refers to the plaintiff's prior case in which there had been a dismissal with prejudice after a warning had been given.
[3] Williams was decided on summary judgment. The court noted as to a Jane Doe defendant that plaintiff had been given leave to amend his complaint to identify the actual defendant and never did so. He had been warned failure to do so could result in dismissal of his claim against that defendant.

Court concludes that this case is due to be dismissed with prejudice in its entirety."[4] There is no mention in the order whether a warning was given in the order allowing plaintiff time to amend but the decision to appeal not amend makes Johnson distinguishable.

Defendant also argues dismissal with prejudice is appropriate because any amendment would be futile. Denying leave to amend is appropriate where any amendment would be futile. Heng v, Heavner, Beyers, & Mihlar, LLC, 849 F.3d 348, 354-55 (7th Cir. 2017). Defendant contends any amendment would be futile because all plaintiffs state in their response is that they "are asking for 50% of the life insurance money, since there is no will, no testament and Nicholle Njos is a legitimate child of David S. Njos." Defendant maintains that, even if these allegations are true, they do not state a legally viable claim for the benefits because the benefits must be paid to the designated beneficiaries and plaintiffs are not, nor have they alleged they are, the designated beneficiaries.

While a claim based on state intestacy law is preempted by ERISA, that is not their only potential claim. The life insurance plan provided David could change beneficiaries at any time by submitting a written request Dkt 1-5, p. 59. Plaintiffs have asserted at various times that David told them he added them as beneficiaries of the life insurance policy. Plaintiffs filed a claim with defendant for David's death benefit and defendant denied that claim. In its notice of removal, defendant stated as a basis for this court's jurisdiction, that plaintiffs' "state law claims for payment of life insurance benefits under the Plan are governed by ERISA." ERISA allows for judicial review of a denial of a claim for benefits by a beneficiary. 29 U.S.C. § 1132(a)(1)(B). Plaintiffs appear to be entitled to judicial review of defendant's finding they were not designated as beneficiaries and the denial of their claim based on that finding. However, they need to file a complaint seeking judicial review.

Considering the foregoing, the court will exercise its discretion and deny defendant's motion to dismiss with prejudice. The court believes the prudent course is to utilize the safe harbor, identified in Fischer, and give an explicit warning prior to dismissing with prejudice.

For the foregoing reasons, defendant's motion to dismiss [34] is denied. Plaintiffs are given leave to file a second amended complaint seeking judicial review of the denial of their claim for benefits on or before May 22, 2020. Plaintiffs are warned that failure to file a second amended complaint on or before May 22, 2020 will result in the dismissal of this case with prejudice.

Date: 4/08/2020 ENTER:

_Philip G. Reinhard_
United States District Court Judge

Notices mailed by Judicial Staff. (LC)

---

[4] Defendant quoted this language from Johnson but omitted the "and his election to try to appeal from the dismissal order instead of amending his complaint" portion of the sentence.